UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY L. WEBB,

                Plaintiff,

     v.

KING COUNTY PUBLIC DEFENDER ASSOCIATIONS, *et al*.,

                Defendants.

Case No. C18-1090-MJP-JPD

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Anthony Webb has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed plaintiff's complaint, and the balance of the record, concludes that plaintiff has not stated any claim upon which relief may be granted in this civil rights action. This Court therefore recommends that plaintiff's complaint and this action be dismissed, with prejudice, under 28 U.S.C. § 1915(e)(2)(B).

REPORT AND RECOMMENDATION - 1

## DISCUSSION

Plaintiff has submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983.  He alleges therein that he has been denied effective assistance of counsel by the public defenders appointed to represent him in his ongoing criminal proceedings in King County Superior Court.  (*See* Dkt. 1-1.)  Of particular concern to plaintiff appears to be counsel's alleged denial of plaintiff's speedy trial rights.  (*See id.*)  Plaintiff identifies as defendants in his complaint defense attorneys Tracy Lapps and Mark Adair, the public defender association that employs Ms. Lapps and Mr. Adair, and the associate attorneys who work with Ms. Lapps and Mr. Adair.  (*See id.* at 1-2.)  Plaintiff seeks relief in the form of dismissal of the criminal case pending against him.  (*Id.* at 20.)  He also requests that disciplinary action be taken against his attorneys based upon their alleged violations of his civil rights.  (*See id.* at 20-21.)

In order to state a claim for relief under § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint.  *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

The United States Supreme Court has made clear that neither private attorneys nor public defenders are considered state actors for purposes of bringing suit under § 1983.  *See Polk County v. Dodson*, 454 U.S. 312 (1981)(a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding).  All of the defendants named in this action are either public defenders or

REPORT AND RECOMMENDATION - 2

organizations that employ public defenders, none of which are subject to suit in this § 1983 action.

It is also evident from the nature of plaintiff's claims, and the relief he requests, that plaintiff is seeking to have this Court become involved in his ongoing state court criminal proceedings. As plaintiff was advised in another related action, *Webb v. Superior Court of the State of Washington King County*, C18-762-TSZ, the federal courts will generally not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). Plaintiff's complaint does not reveal any extraordinary circumstances which would justify this Court's intervention in his ongoing state court criminal proceedings. A directive that plaintiff's criminal case be dismissed would constitute just such an intervention.

To the extent plaintiff requests disciplinary action be taken against the attorneys representing him in his state court case, he has requested relief beyond the scope of what this Court can provide. This Court has no authority to initiate, or mandate, any disciplinary action be taken against plaintiff's attorneys. Any complaints plaintiff has regarding the conduct of his attorneys are more appropriately directed to the state courts or to the Washington State Bar Association.

As plaintiff has not identified any viable defendant in his civil rights complaint, and as resolution of the claims asserted by plaintiff in his complaint would result in this Court's unwarranted intervention in plaintiff's pending state court criminal proceedings, this case should be dismissed.

REPORT AND RECOMMENDATION - 3

CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's complaint and this action be dismissed with prejudice, under 28 U.S.C. § 1915(e)(2)(B), for failure of plaintiff to state any claim upon which relief may be granted under § 1983. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **September 12, 2018**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 14, 2018.**

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 22nd day of August, 2018.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4